UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACQUELINE FIGUEROA, | Civil Action No.: 12-2960 (JLL) |
| Plaintiff, | |
| v. | OPINION |
| MICHAEL ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

Presently before the Court is Plaintiff Jacqueline Figueroa's ("Plaintiff")'s appeal seeking review of a final determination by Administrative Law Judge ("ALJ") Curtis Axelsen denying her application for Supplemental Security Income ("SSI"). The Court has considered the submissions made in support of and in opposition to the instant appeal and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court reverses the final decision of the Commissioner and remands for further proceedings consistent with this opinion.

I. **FACTS AND PROCEDURAL HISTORY**

Plaintiff filed an application for SSI on March 29, 2007, due to anxiety, depression, and schizophrenia. Pl. Br. at 8. This application was denied. *Id.* at 1. Plaintiff timely filed a request for a hearing, which occurred on October 5, 2009, before ALJ Axelsen. R. at 35-50.[1] Subsequent to this hearing, ALJ Axelsen sent written interrogatories to Dr. Joseph G. Vittolo, an impartial medical expert. Dr. Vittolo returned a complete report, which was sent to Plaintiff's counsel. R. at 343-54. A second hearing was held on May 18, 2010. R. at 53-77. ALJ Axelsen

---

[1] R. refers to the pages of the Administrative Record SSA.

heard testimony from Plaintiff and Donald R. Slive, a vocational expert employed by the Social Security Administration ("VE" or "Mr. Slive"), and found that Plaintiff had not engaged in substantial gainful activity since March 29, 2007; that she had several severe impairments including asthma, "rule out schizophrenia,"[2] substance induced psychotic disorder, anxiety disorder, and substance induced anxiety disorder; and that none of these were listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. R. at 17. The ALJ further found that the plaintiff could perform heavy work, given conditions that would not aggravate her asthma; that she had no past relevant work, but that significant jobs existed in the national economy which she could perform. R. at 20-21.

After the Appeals Council denied Plaintiff's request for review on March 23, 2012, Plaintiff timely filed this appeal on May 17, 2012.

## II. STATEMENT OF THE LAW

### A. Standard of Review

This Court must affirm an ALJ's decision if it is supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 9 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Court defers to the findings and conclusions of the ALJ, but has the "duty to scrutinize the record as a whole to determine whether the conclusions reached are rational" and supported by substantial evidence. *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978). The Court is not

---

[2] It is unclear from the record whether the ALJ found that the testifying doctors ruled out schizophrenia as a potential impairment or found that Plaintiff has a specific subset known as "rule out schizophrenia."

2

"empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992).

## B. The Five-Step Evaluation Process

Under the Social Security Act, a claimant must demonstrate that she is disabled based on an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A person is disabled for these purposes only if her physical or mental impairments are "of such severity that [s]he is not only unable to do h[er] previous work, but cannot, considering h[er] age, education, and work experience, engage in any other substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Social Security Administration has established a five-part sequential evaluation process for determining whether a complainant is disabled. 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner of Social Security ("the Commissioner") decides whether the complainant is currently engaging in substantial gainful activity. If the complainant meets this test, then the Commissioner must determine whether the complainant's impairments or combination of impairments are severe. If the impairment is determined to be severe, the Commissioner must then decide whether the complainant suffers from a listed impairment or its equivalent. If she does not, the Commissioner must then decide whether, based on the complainant's "residual functional capacity" ("RFC"), the complainant is able to perform her past relevant work. If the complainant is unable to perform said work, then the Commissioner must proceed to the final test. Up to this point, the burden falls upon the complainant to prove her disability. *See Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir.

3

1983). If the complainant has carried her burden of proof to this stage, the burden shifts to the Commissioner to prove that other work exists in significant numbers in the national economy that the plaintiff could perform given her RFC, age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the Commissioner provides sufficient evidence to overcome this burden and shows that there is work in a significant number of jobs that the plaintiff can perform, the plaintiff is not disabled. *Id.*

## III.  DISCUSSION

Plaintiff argues that her denial of disability benefits was erroneous because, under her reading of the ALJ's opinion, there was no finding of disability and the ALJ denied her benefits on the grounds that she was a substance abuser. Pl. Br. 8-9.[3] However, upon reviewing the ALJ's opinion, the Court finds nothing to suggest that the ALJ based his denial on such grounds. While the ALJ makes several references to Plaintiff's history of drug abuse, such abuse is documented in the medical records, including by Plaintiff's treating sources. *See, e.g.,* R. at 291, 332, 338. Indeed, Plaintiff admitted to such drug use at both hearings. *See* R. at 38-39, 46, 73. As such, the Court finds that Plaintiff's argument that she was denied benefits due to being a substance abuser is without merit.

Plaintiff also argues that the restricted hypothetical posed by Plaintiff's counsel to the Mr. Slive was improperly excluded from the ALJ's opinion, and thus was not considered. Pl. Br. 9-11. The Commissioner counters that the ALJ may simplify a claimant's limitations in his hypothetical to a vocational expert so long as this simplification accurately reflects those limitations. Opp'n Br. 5. The Government also argues that the repeated episodes of

---

[3] Plaintiff does not challenge the ALJ's findings at steps one through four of the five-step sequential evaluation. Accordingly, the Court need not, and will not, address said findings.

4

decompensation, alluded to in Plaintiff's hypothetical to Mr. Slive, were not credibly established and, therefore, the ALJ did not err by adopting a different conclusion. Opp'n Br. 7.

Vocational expert testimony is often predicated upon a hypothetical posited by the ALJ. "While the ALJ may proffer a variety of assumptions to the expert, the vocational expert's testimony concerning a claimant's ability to perform alternative employment may only be considered for purposes of determining disability if the question accurately portrays the claimant's individual physical and mental impairments." *Rutherford v. Barnhart*, 399 F.3d 546, 553-54 (3d Cir. 2005). The hypothetical need not reflect all of the claimant's alleged limitations, only those that are supported by the medical evidence contained in the record. *Id.* at 554; *Burns v. Barnhart*, 312 F.3d 113, 123 (3d Cir. 2002).

In the present case, the ALJ found that Plaintiff had mild restrictions in the activities of daily living, mild difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence, and pace, and 1-2 repeated episodes of decompensation, each of extended deterioration. R. at 20. This finding is supported directly by Dr. Vittolo's report. R. at 347. It is unclear from the record and from the ALJ's opinion whether these episodes of decompensation would be expected to occur monthly or annually. *See* R. at 17-18, 347. The ALJ did not pose a hypothetical that included one or two annual episodes of decompensation. However, when the ALJ and Plaintiff's counsel questioned the vocational expert, Mr. Slive testified that a person with two *monthly* unexcused absences, as would be the case with these episodes, would not be able to find work. R. at 67-68. This testimony is not reflected in the ALJ's opinion. The Court will remand to the ALJ, therefore, to clarify his opinion with regard to these episodes of decompensation and their effect on Plaintiff's residual functional capacity.

Plaintiff also argues that the hypothetical posited to the vocational expert did not accurately reflect her limitations. Pl. Br. 12-21. Specifically, Plaintiff cites to *Tirone v. Astrue*, No. 08-CV-4751, 2009 U.S. Dist. LEXIS 70220 (D.N.J. Aug. 11, 2009), wherein the Honorable Dennis M. Cavanaugh remanded a case to the Commissioner where the ALJ's hypothetical to the vocational expert did not adequately convey the claimant's limitations. *Id.* at *18-19. The ALJ found that the claimant had moderate difficulties maintaining concentration, persistence, and pace, but his hypothetical to the vocational expert only limited the claimant to "simple, one- or two-step tasks." *Id.* at *20. Judge Cavanaugh found that "the ALJ's hypothetical did not properly include all of Plaintiff's credibly established mental limitations." *Id.*

The Government contends, and the Court agrees, that the hypothetical to Mr. Slive did convey more than the simple, one- and two-step tasks, which were found deficient in *Tirone*. Opp'n Br. 8-9. In addition to limiting Plaintiff to "simple, one and two step tasks," the ALJ also limited Plaintiff to work which required only occasional interaction with the public and with coworkers and avoided environmental hazards including dust, fumes, and temperature extremes. R. at 66-67. Mr. Slive maintained that Plaintiff could perform the jobs of small products assembler, subassembler, and hand packer. R. at 66. The Court finds that the language used by the ALJ adequately conveyed the limitations of a person who had moderate difficulties with concentration, persistence, and pace. Therefore, the Court will not disturb this portion of the ALJ's opinion.

## IV. CONCLUSION

Plaintiff credibly established a limitation of suffering repeated episodes of decompensation. In reviewing ALJ Axelsen's opinion, the Court finds that ALJ Axelsen inadequately explained said limitation. Accordingly, the Court remands Plaintiff's case to the

ALJ for additional clarification as to the expected frequency and duration of Plaintiff's episodes of decompensation. On remand, the ALJ is advised to amend his opinion to clarify whether the episodes of decompensation would be expected to occur monthly or annually. If monthly, the ALJ should also address the vocational expert's testimony that a hypothetical individual with monthly unexcused absences would not be able to find work in this market. Finally, the ALJ should also explain the impact of this limitation, if any, on his findings and ultimate decision.

An appropriate Order accompanies this Opinion.

Dated: April 22, 2013

Jose L. Linares
United States District Judge